# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:10-CR-00260 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| ABDIFITAH JAMA ADAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This Memorandum addresses the motions for bill of particulars filed by the Defendants: Liban Sharif Omar, Fuad Faisal Nur, Idris Ibrahim Fahra, Muhiyadin Hussein Hassan, Abdirahman Abdirazak Hersi, Fata Haji Hashi, Abdullahi Hashi, Mohamed Sharif Omar, Mohamed Amalle, Andrew Kayachith, Mustafa Mohamed, Hamdi Ali Osman,[1] Abdullahi Sade Afyare,[2] and Hassan Amed Dahir. (Docket Entry Nos. 1082, 1106, 1110, 1112, 1115, 1118, 1315, 1456, 1482, 1494, 1510, 1519 and 1539). The Government filed responses to these motions. (Docket Entry Nos.1216 and 1655).

In sum, Defendants Liban Omar and Amalle contend that a bill of particulars is necessary to enable them to assess whether to give notice of an alibi defense. (Docket Entry Nos. 1082 and 1106).

Defendant Nur contends that he cannot ascertain the specific acts attributed to him and also needs a bill of particulars to determine whether to assert the alibi defense because for

---

[1]The Court granted Defendant Hamdi Ali Osman's motion to join the pretrial motions of Defendants Idris Fahra and Fatah Hashi. (Docket Entry Nos. 1148 and 1606).

[2]The Court granted Defendant Abdullahi Sade Afyare's motion to join the pretrial motions of all codefendants. (Docket Entry No. 1193).

numerous dates in the Second Superseding Indictment Defendant Nur was in custody. (Docket Entry Nos. 1110 and 1519).

Defendant Fahra argues that without the specifics on the conspiracy charges, he cannot prepare a defense, particularly as to dates of the alleged conspiracies and offenses. (Docket Entry No. 1112).

Defendant Hassan contends that except for the two overt acts in Count Three of the Second Superseding Indictment, his counsel is unable to discern any acts that Hassan is charged with because no overt acts have been attributed to him in Counts One, Two and Four. Defendant Hassan cites other counts, but those counts have been severed and are not considered in this Memorandum. (Docket Entry No. 1115).

Defendant Hersi argues that he was not 18 years of age until February 20, 2008 and Counts One and Two allege that the alleged conspiracies began in 2000. In addition, Hersi asserts that the dates of the offenses in Twelve and Thirteen include a period of time where Defendant was 16 years old. Moreover, Defendant asserts that Counts Twelve and Thirteen are not specific as to whether a single offense/illegal act occurred or was attempted, or where multiple acts occurred or were attempted. (Docket Entry No. 1118).

In addition to the requests made by Hersi, Defendant Kayachith requests the date he joined the conspiracies in Counts One and Two and committed the alleged offenses in Counts Twelve and Thirteen. (Docket Entry No. 1135).

Mustafa Ahmed Mohamed requests the dates alleged by the government for his entry into an agreement to conspire with co-conspirators in Counts One and Two. (Docket Entry No. 1315).

Defendant Mohamed Omar contends that he needs the specific acts that he allegedly committed to recruit and cause Jane Doe One to engage in commercial sex acts, as well as the identities of other females with whom he allegedly committed similar acts. Defendant Mohamed Omar also cites his need for the dates and locations of his alleged commercial sex acts. As to Counts Three and Four, Defendant Mohamed Omar further cites his need for the specific acts he allegedly committed, what the specific object was as referred in Count Three, and the time and location of said acts. (Docket Entry No. 1494).

Defendant Fatah Hashi contends that for a portion of the alleged ten year conspiracies he was under the age of 18 and needs a bill of particulars to identify which acts occurred after his 18th birthday. Defendant Fatah Hashi also cites the need for the dates, times and locations of the offenses involving Jane Doe Two in Counts One, Two, Twelve and Thirteen to assess double jeopardy concerns, avoid surprise and determine any potential alibi defense. (Docket Entry Nos. 1482 and 1510).

Defendant Dahir seeks the date, time and place of each of the alleged offenses with which he is charged involving Jane Doe Two, <u>inter alia</u>, to assess an alibi defense, double jeopardy concerns and avoid surprise at trial. (Docket Entry No. 1539).

Defendant Abdullahi Hashi requests that the Government supply the date, time and place of each of the alleged offenses involving Jane Doe Two in Counts One, Two, Twelve and Thirteen, to assess double jeopardy concerns, avoid surprise and determine any potential alibi defense. (Docket Entry Nos. 1456 and 1457).

The Government responds, in essence, that the Second Superseding Indictment contains copious factual details to provide notice of the charges and that the supplemental disclosures by

3

the Government provide the requisite details to allow the Defendants to prepare a defense and avoid any surprises at trial.

In earlier proceedings, the Court denied Defendant Bashir Mohamud's motion for a bill of particulars. (Docket Entry No. 960, Memorandum at 4). Yet, these Defendants raise new contentions and cite additional legal authorities that has caused the Court to conduct additional research and as a result, additional Sixth Circuit and other Circuit decisions were discovered and must be addressed.

### A. Analysis of the Second Superseding Indictment

As pertinent to these motions, these Defendants are charged in Count One with a conspiracy under 18 U.S.C. § 1594 (c); "to recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person knowing and in reckless disregard of the fact that the person had not attained the age of 14 years and had not attained the age of 18 years and would be caused to engage in a commercial sex act, and knowing and in a reckless disregard of the fact that the person had not attained the age of 18 years and that means of force of fraud or a combination of such means would be used to cause a person to engage in a commercial sex act in violation of Title 18, United States Code, Section 1591(a)(1)."

In Count Two, Defendants are charged with a second conspiracy under Title 18 U.S.C. § 1594 (c); "to benefit financially and by receiving anything of value, from participation in a venture which engaged in an act of recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means a person knowing and in reckless disregard of the fact that the person had not attained the age of 14 years and had not attained the age of 18 years would be caused to engage in a commercial sex act and knowing and in reckless disregard of the

fact that the person had attained the age of 18 years and that means of force of fraud or a combination of such means would be used to cause a person to engage in a commercial sex act in violation of Title 18, United States Code, Section 1591(a)(2)."

As to the other offenses, Count Three charges a conspiracy to obstruct a grand jury proceeding by impairing an object's integrity and availability of a cell telephone and attempt to influence a witness. Count Four charges the attempt to obstruct as a substantive charge. Count Eleven in the Second Superseding Indictment charges certain Defendants with the use of force and intimidation against Jane Doe One, while Count Twelve involves the recruiting and transporting of Jane Doe Two to be caused to engage in a commercial sex act. Counts Thirteen and Fourteen in the Second Superseding Indictment charge certain Defendants with attempts to recruit, entice, harbor, transport, provide and obtain by any means minors to engage in commercial sex.

### B. Conclusions of Law

"[T]he scope of a bill of particulars" is to provide "[t]he particularity of time, place, circumstances, causes, etc., in stating the manner and means of effecting the object or a conspiracy for which petitioners contend is not essential to an indictment." Glasser v. United States. 315 U.S. 60, 66 (1942). Moreover, "[a] bill of particulars is 'a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool ... to obtain detailed disclosure of all evidence held by the government before trial." United States v. Vassar, 346. Fed. Appx. 17, 21 (6th Cir. 2009) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)). As to preparation of a defense, the indictment must allow the defendant "to identify and

prepare witnesses, verify his whereabouts during the relevant times, and gather evidence useful to his defense." United States v. Carter, 124 F.3d 200, No. 96-5435, 1997 WL 528465, at *2 (6th Cir. Aug. 26, 1997).

The granting of a bill of particulars is a matter for the court's discretion. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). In exercising its discretion, courts consider "(1)the complexity of the charges, (2) the clarity of the indictment and (3) the degree of discovery available to the defendant." United States v. Pendergrass, No. 3:06-00147, 2006 WL 3098871, at *2 (M.D. Tenn. Oct. 30, 2006) (citing United States v. Sorich, 427 F. Supp.2d 820, 838 (N.D. Ill.2006) and United States v. Santiago, 174 F.Supp.2d 16, 36 (S. D. N.Y. 2001)). A court is also to consider the other available sources of information. United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991). Granting a motion for a bill of particulars is warranted where an indictment "is so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide . . . adequate information to provide a defense." United States v. Hayes, 884 F.2d 1393, No. 88-5967, 1989 WL 105938, at *3 (6th Cir Sept. 14, 1989).

Yet, "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. Moreover, the names of all other co-conspirators is not required for a bill of particulars, so long as "the government presents evidence to establish an agreement between two or more persons." United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). "'[T]he grand jury's statement of the existence of the conspiracy agreement... places the defendant on notice of the charge.'" Id. (quoting United States v. Picollo, 723 F.2d 1234, 1239 (6th Cir. 1983) (internal quotation marks omitted)). Yet, in Rey, the Sixth Circuit found that the

6

defendant "knew the dates involved." Id. In United States v. Barba, No. 3:08-CR-46, 2008 WL 5377890, at * 3 (E.D. Tenn. Dec. 18, 2008), the Eastern District of Tennessee cited Rey to mean that "[t]he Sixth Circuit has approved of the provision of the dates that a defendant is alleged to have conspired."

As a general rule, an opening date of a conspiracy is sufficient. Vassar, 346 Fed. Appx. at 22 (citing United States v. Hultgren, 713 F.2d 79, 89 (5th Cir. 1983)). Yet, in complex cases involving lengthy time periods, courts have required more detailed disclosures, including places of the offenses, United States v. Honneus, 508 F.2d 566, 570 (1st Cir. 1974), and names of persons and places of alleged conversations, United States v. Manetti, 323 F.Supp. 683, 696 (D. Del. 1971), as well as exact dates and places of the offense. United States v. Davis, 330 F.Supp. 899, 902-03 (N. D. Ga.1971). In the Eastern District of Tennessee, a motion for a bill of particulars was granted for dates for a five year conspiracy. United States v. McGhee, 2007 WL 1296009, at *3 (E.D. Tenn. May 1, 2007).

Here, this is an extraordinary complex case involving thirty Defendants engaged in conspiracies spanning ten years in four states. The Second Superseding Indictment is lengthy, 58 pages, and does list some overt acts with dates and places, but as reflected in these motions for a bill of particulars for these Defendants, overt acts are not listed and dates of their involvement is not stated for all of the offenses, nor is the location of all of their offenses, save for a few cities in the four states. By the Court's recollection, the discovery in different phases of this action exceeded 50,00 pages of documents. The Government's original trial exhibit list exceeded 600 exhibits and contains the Government's summary narrative of their contents that is 160 pages. (Docket Entry No. 1320). The Government has estimated 200 or more witnesses for a three

month or longer trial. To be sure, the Government has produced substantial discovery, and the Court has ordered certain disclosures. In a recent Order, the Court directed the Government to provide a list of its witnesses and identity of each Defendant against whom that witness will testify. (Docket Entry No. 1586).

Yet, Defendants assert that these lack all of the dates and locations of their alleged joining of the conspiracies and commission of the offenses, thereby impairing their abilities to assess and prepare an alibi defense and other defenses.

Given the Court's recent Order and the Government's prior production, as well as the length of the conspiracy, ten years over four states, the Court concludes that the Defendants' motions should be granted in part, to require the Government to identify the dates and places where each of these Defendants joined the conspiracies and committed the alleged offenses. This ruling extends to dates and locations beyond the specific dates and locations in the Second Superseding Indictment. Otherwise, the motion for a bill of particulars should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of March, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge