UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:10-cr-00260 |
| | ) | |
| v. | ) | JUDGE HAYNES |
| | ) | |
| [10]  YASIN FARAH | ) | |

*[Handwritten annotations: Denied. This motion is denied without prejudice to renew/refile. 3-7-12]*

**MOTION TO RECONSIDER THE COURT'S ORDER REGARDING
FARAH'S MOTION TO REMOVE THE PROSECUTOR**

The United States of America, by and through the undersigned, hereby moves this Honorable Court to reconsider its Order on Defendant Yasin Farah's Motion to Remove the Prosecutor, dated March 7, 2012. (DE 1815). In its Order, the Court states, "[T]he Government's response DE No. 1341 at 2 lines 3 and 4 can be used as evidence of Vincent's statement." Id. The sentence the Court is referencing is a recap of what Defendant Yasin Farah alleged in his motion, not an admission by the Government. The sentence the Court is referencing is Farah's claim, not a statement by the Government. The full paragraph, in which the sentence appears, is a recap of Farah's argument supporting his motion:

> Farah seeks to disqualify Vincent in order to call Vincent as a witness at Farah's upcoming trial. Farah alleges that, on November 20, 2009, before Farah testified before the grand jury, he had a private telephone conversation with Vincent. Vincent warned Farah, over the phone, that if Farah told the grand jury that the word "mission" meant to "hang out," he would be prosecuted for perjury.[1] Farah argues that when Vincent testifies

---

[1] On January 27, 2010, Farah testified before the grand jury. He testified that he randomly met Jane Doe 2 (JD2) on My Space. See Ex. A, Grand Jury Testimony, Farah, p. 20. While communicating with JD2 on My Space, on November 4, 2008, Farah wrote JD2, "Nah I got some

1