| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-cr-260 (12) |
| | ) | JUDGE HAYNES |
| | ) | |
| FATAH HAJI HASHI (12) | ) | |

*[Handwritten annotation to the right: "ORDER. This motion is DENIED without prejudice to renew ... context ... a ... Comment. ... (SM) 3-22-12"]*

## DEFENDANT FATAH HAJI HASHI'S MOTION IN LIMINE CONCERNING THE GOVERNMENT'S ARGUMENT

Comes now Defendant Fatah Haji Hashi, through court-appointed counsel, and, pursuant the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; and the authorities cited herein, respectfully moves this Court to rule upon the following Motion in Limine prior to trial. Mr. Hashi requests a ruling concerning the prosecution's address to the trier of fact in the following areas (paragraph headings are included for convenience only and are not meant to delimit the substance of the paragraph):

1.    <u>Opening Statement - Argument</u>. That the prosecution be prohibited from arguing the case during opening statement.

    AUTHORITY: *United States v. Dinitz*, 424 U.S. 600, 612, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (Burger, C. J., concurring); See also, *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960). The purpose of an opening statement is to give broad outlines of the case to enable the jury to comprehend it and the trial court may control the scope and extent of the opening statement. *United States v. Hampton*, 458 F.2d 29, 30 (10th Cir. 1972); *Virgin Islands v. Turner*, 409 F.2d 102, 103 (1968).

2.    <u>Opening Statement - Content</u>. That the prosecution be prohibited from utilizing the opening statement to poison the minds of the jurors against the accused before they have heard the evidence to improperly prejudice the accused in the eyes of the jurors or to destroy the accused's credibility.

    AUTHORITY: Constitution of the United States (U.S. Const.), 8th and 14th Amendments;

1