UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-cr-260 (12) |
| | ) | JUDGE HAYNES |
| | ) | |
| FATAH HAJI HASHI (12) | ) | |

### DEFENDANT FATAH HAJI HASHI'S MOTION IN LIMINE CONCERNING GANG MEMBERSHIP

Comes Defendant Fatah Hashi (12), through the court appointed counsel, and moves this Court to prohibit the government from mentioning in its opening statement or case-in-chief that Defendant Fatah Hashi was a gang member of either the "Somalia Outlaws" or the "Somalia Mafia." The Introduction of the Second Superseding Indictment states in part that: "[12] FATAH HAJI HASHI a/k/a 'JERRY' a/k/a 'JR,' was a member of the SOL/SM." (DE 591, p. 5, ¶ 1.f).

Defendant Hashi objects to any attempt by the government to introduce testimony of alleged gang membership into the trial without competent proof from a witness to support the allegations, and requests exclusion of the evidence under Fed. R. Evid. 403. Defendant Hashi submits that any probative value as to testimony about gang membership is substantially outweighed by the danger of unfair prejudice. Defendant Hashi requests a jury out hearing before introduction of testimony about gang membership so as to gauge the reliability and also the relevancy of the evidence under Fed. R. Evid. 403. Finally, and in the event that the Court allows testimony about gang membership, Defendant Hashi requests a limiting instruction.

For these reasons, Defendant Hashi request the Court exclude from the trial evidence about membership in a gang, whether Somalia Outlaws, Somalia Mafia, or some other gang the government contends he holds membership.

*[Handwritten annotation in right margin: GRANTED / Thurgood(?) / as DENIED / for the reasons / stated in / open / court / William(?) / 3-22-12]*