IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-00260 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| ABDIFITAH JAMA ADAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is Defendant Bashir Yasin Mohamud's renewed motion to be released from detention (Docket Entry Nos. 2435 and 2437) contending that new developments justify his release and in particular, asserts: (1) that documents disclosed since the last detention Order reflect that Jane Doe 4, the purported victim with whom he is charged to have sex trafficked, denied that she went to the motel site to be paid for sex, denied that she ever did so and stated that she did not know any female at the motel who was to be paid for sex or sold their bodies for sex; (2) that at the recent trial, the Government lacked any proof about any sex trafficking of Jane Doe 4, the person this Defendant is alleged to have trafficked; and (3) that the Government's notice of appeal of the Order granting this Defendant's severance motion deprives this Court of jurisdiction and will impermissibly result in his extended detention, entitling him to release pending trial. Defendant Bashir Yasin Mohamud contends each circumstance alone or in combination justifies his release.

Defendant Bashir Yasin Mohamud also filed another motion for release (Docket Entry No. 2495) citing the Government counsel's failure to respond timely under the Local Rules to his first renewed motion for release. The Court deems the latter motion moot in light of the Court granting 's the Government's motion for an extension of time to file a response.See Docket Entry Nos. 2498, 2537 and 2539.

In its response to this renewed motion for release, (Docket Entry No. 2528), the Government argues, in sum: (1) that the factual developments cited by Defendant Bashir Yasin Mohamud do not satisfy the requirements of 18 U.S.C. §3142(f)(2)(B) to justify the reopening of the Defendant's detention proceedings; (2) that the prior trial reflected proof relevant to the Defendants on trial, not this Defendant; (3) that this Defendant remains a danger to the community; and (4) that this Defendant's proffer of a third party custodian is a person who threatened a witness.

## A. Analysis of the Motion

From the Court's review of the Defendant's last detention hearing, there was not any reference to the 2010 grand jury testimony of Jane Doe 4, the victim that this Defendant is alleged to have trafficked. Jane Doe 4 testified before the Grand Jury in July and October, 2010. In her July testimony, Jane Doe 4 testified that she could not identify numerous individuals. In her July 2010 testimony, when shown a picture of this Defendant and when asked Jane Doe 4 responded :" Q. How about the person in Picture No. 108, have you ever seen that person? A. No." (Docket Entry No.2437-1 at 96).

The Government afforded Jane Doe 4 the opportunity to revisit her July testimony and in her October 2010 testimony, Jane Doe 4 identified several persons whom she previously denied

knowing. As to the identity of picture 108 that is the Defendant Bashir Yasin Mohamud, Jane Doe 4's testimony in October 2010 was as follows:

> Q. 108?
>
> A. B. R.
>
> Q. Now last time when you were here you called him B. K?
>
> A. J. R.
>
> Q. You said B. K. last time if I recall correctly. What do you know this person as?
>
> A. B. R.
>
> Q. So if you said B. K. last time that was not a correct statement?
>
> A. No.
>
> Q. Is this the B. R. that you're talking about being at the hotel on or about March 11th of 2010?
>
> A. Yes.

(Docket Entry No. 2528-2 at 84),

As pertinent here, during her October 2010 testimony, Jane Doe 4 stated that she went to the Motel 6 with friends and responded as follows to additional questions:

> Q. Were you going to the Motel 6 for the purpose of exchanging sex for money?
>
> A. No.
>
> Q. Are you sure?
>
> A. No, I never.
>
> \*   \*   \*

> Q. And so had you ever heard about girls taking Flight 13 guys to hotel rooms?
>
> A. No.
>
> Q. Never heard anything about that?
>
> A. No. Me, I never sell my body so I don't know, you know.
>
> Q. Anybody ever make money off of you?
>
> A. No, I've never done that. And I would never do that.
>
> Q. What about Cherry?
>
> A. Cherry? I don't now.
>
> Q. Anybody make money off of Cherry?
>
> A. I don't know, I'm not going to lie.
>
> q. What have you heard?
>
> A. (Witness moves head in a negative response).
>
> Q. You are shaking your head, no.
>
> A. No, nothing
>
> Q. No, you didn't what?
>
> A. I didn't heard nothing.
>
> Q. You have not heard nothing?
>
> A. No.

(Docket Entry No. 2437-4 at 111 and Docket Entry No. 2437-5 at 142-43). Jane Doe 4 testified that she went to the Motel 6 room "to chill" with friends.(Docket Entry No. 2437-6 at 1170).. After "she drank a little drink", Jane Doe 4 passed out and does not remember anything beyond her drinking and waking up the next morning. (Docket Entry No. 2437-7 at 173).

At the earlier detention hearing, the proof was that Jane Doe 4 was discovered in the motel bed nude and after wakening, she began crying and screaming. There were used condoms in the room and Jane Doe's panty was on the motel floor. Heather Weyker testified that at the motel, Jane Doe 4 did not consent foe anyone to have sex with her.(Docket Entry No. 994 at 51).

Defendant Bashir Yasin Mohamud repeats the earlier proof that he paid for the Motel 6 room at issue with his credit card; was at the room the next morning; went to the Motel office asking for towels; cooperated with the police; and gave a statement about the incident. Yet, the nurse's examination found vaginal tears on Jane Doe 5' vaginal area. Although officer Weyker testified that these markings were the result of "blunt force trauma", that phrase is not in the nurse's report. Weyker states that the nurse so informed her in a conversation.

### B. Conclusions of Law

The Bail Reform Act sets forth the following provisions for the reopening of a prior detention hearing:

> The [detention] hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that **information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community**.

18 U.S.C. § 3142(f)(2)(B) (emphasis added). "[T]o justify reopening the detention hearing, the information had to be sufficiently material to the issue of dangerousness". United States v. Sandles, 9 Fed. Appx. 377, 399 (6th Cir. 2001) (citing United States v. Hare, 873 F.2d 796, 799 (5th Cir.1989)).

As to Section 3142(f)(2)(B)'s requirements, it is undisputed that Jane Doe 4's gand jury

testimony was not known to Defendant Bashir Yasin Mohamud at the time of the last detention hearing. As to materiality, among the factors that the Court is required to consider on detention is "the weight of the evidence against the person". 18 U.S.C. § 3142(g)(2). Thus, the Court concludes that Jane Doe 4's grand jury testimony is new and material to the detention issue to justify reopening this Defendant's detention.

As to the Defendant's specific contentions, on the effect of the Government's appeal, the Government's notice of appeal involves the Court's Order severing this Defendant from the first trial and is interlocutory. In light of the conclusion of the first trial, any appeal of the severance Order appears to be moot. In any event, the Court possesses ancillary jurisdiction to decide motions that are factually interrelated to any interlocutory appeal. As the Supreme Court stated: "We have recognized that a federal court may exercise ancillary jurisdiction '**(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.**'" Peacock v. Thomas, 516 U.S. 349, 354 (1996) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379-380 (1994)) (emphasis added). The proof for this Defendant's involvement is factually interrelated to the Government's proof of the other Defendants with whom this Defendant is charged..The Court has an interest in the efficient management of this action as well as in its prior Orders. Thus, the Court concludes that notwithstanding the Government's notice of appeal of the Order granting a severance, the Court retains jurisdiction to decide pending issues before the Court in this action.

As to the Government's lack of proof about Jane Doe 4 at the first trial, the Court agrees

with the Government about its right to elect the proof to be presented at that trial. Yet, the fact remains that Jane Doe 4 was among the victims identified in the Second Superceding Indictment for the charges that were tried at the first trial. See Docket Entry No. 591, Second Superseding Indictment at 21, 25.

As to the probative value of Jane Doe 4's grand jury testimony, this testimony is contrary to the charges involving Jane Doe 4, as she denies that she was ever engaged in sex for money at the Motel 6 or elsewhere nor knew of any female who did so. In addition, Jane Doe 4's initial failure to identify this Defendant and initial reference to him by another nickname raise issues of her credibility. It is undisputed that this is the only overt act of this Defendant in the charged conspiracy to engage in sex trafficking.

In response to this motion, the Government does not identify any other proof about this Defendant's involvement in the sex trafficking conspiracy. The sex trafficking act at the motel was the core basis for the Court's finding of the Defendant's dangerousness and detention. The nonconsensual sex with Jane Doe alone raises issues of dangerousness for which the state court possesses the clear authority to address, but the basis for detention here is predicated on the federal charges in this action. Without evidence that this Defendant sexually trafficked a person in violation of federal law, the Court cannot find clear and convincing evidence for this Court's Order for the continued detention of this Defendant.

For these reasons, the Court concludes that Defendant Bashir Yasin Mohamud's renewed motion to be released from detention (Docket Entry Nos. 2435 and 2437) should be granted.

An appropriate Order is filed herewith.

**Entered** this the 8th day of June 2012.

William J. Haynes, Jr.
United States District Judge