UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 3:12-00085 |
| | ) | 3:12-mj-02029 |
| | ) | |
| ABDULLAHI FARAH | ) | JUDGE CAMPBELL |

MEMORANDUM AND ORDER

I. Introduction

Pending before the Court is the United States' Motion For Abdullah Farah To Be Held In Civil Contempt (Docket No. 73). The Defendant has filed a Response (Docket No. 78) to the Motion, and the Government has filed a Reply (Docket No. 79). Having reviewed the briefs of the parties, the Court concludes that a hearing is unnecessary. Accordingly, the hearing set for September 25, 2012 is CANCELLED.

II. Procedural Background

By Memorandum And Order (Docket No. 34) entered on June 8, 2012, this Court held Mr. Farah in criminal contempt. In reaching its decision to hold Mr. Farah in criminal contempt, the Court set forth the procedural background of the case as follows:

> On April 18, 2012, this Court held a hearing to consider the Government's Motion For A Hearing Regarding A Material Witness (Docket No. 2). Through the Motion, the Government sought an order compelling Defendant Abdullahi Farah to testify at an ongoing trial of certain Defendants in United States v. Adan, et al., Criminal Case No. 3:10-00260, before District Judge William J. Haynes, Jr. At the request of Judge Haynes, who had a possible conflict of interest, this Court agreed to consider the Motion. (Docket No. 3).
>
> At the hearing, counsel for the Government indicated that it intended to call the Defendant to testify relating to the sex trafficking of Jane Doe 2, identification of certain Defendants, and other matters in the Adan case. At the

time, the Defendant was incarcerated as a material witness. (Docket No. 24 in Case No. 12-2029 MK). The Court addressed the Defendant, who was represented by counsel at the hearing, and the Defendant stated that he refused to testify because the Government had lied to him, and because he felt a risk to his safety and that of his family. The Defendant did not assert any privilege as a ground for his refusal to testify, and did not assert any specific information indicating threats to his safety or that of his family.

Having determined that the Defendant failed to provide just cause for his refusal to testify, the Court explained to the Defendant the sanctions for civil contempt and for criminal contempt. See 28 U.S.C. § 1826; Fed. R. Crim. P. 42. After a short adjournment to allow the Defendant to consult with his attorney, the Court again asked the Defendant whether he was prepared to testify. The Defendant stated that he was not.

Accordingly, the Court held the Defendant in civil contempt and ordered that he be incarcerated for his refusal to testify for the duration of the trial in the Adan case, pursuant to 28 U.S.C. § 1826. (Docket No. 3). The Court advised the Defendant that he could purge himself of the contempt and secure release by testifying during the trial of the Adan case. The Court directed counsel for the Defendant to confer with the U.S. Marshals Service regarding any security threats to the Defendant or his family. The Court also ordered that another hearing be held on April 19, 2012 for the purpose of addressing the Defendant again to determine if he would persist in his refusal to testify. (Id.)

At the hearing on April 19, 2012, the Defendant persisted in his refusal to testify, and the Court entered an Order (Docket No. 6) that he continue to be held in civil contempt and incarcerated for his refusal to testify for the duration of the trial, pursuant to 28 U.S.C. § 1826. The Court again advised the Defendant that he could purge himself of the contempt and secure release by testifying during the Adan trial, and could notify his attorney or the U.S. Marshals Service in the event he decided to testify at the trial. (Id.) The Court ordered the Government to notify the Court at the conclusion of the trial so that the Court could consider the Government's oral motion to hold the Defendant in criminal contempt. (Id.)

On April 25, 2012, the Government filed a Notice Of Filing Regarding Material Witness Abdullahi Farah (Docket No. 7), which indicated that it had closed its proof in the Adan trial that day, and again requested that the Defendant be held in criminal contempt. The Court set a status conference to discuss the Notice for April 30, 2012. (Docket No. 8). When counsel for the Defendant did not attend the status conference, apparently due to lack of notice, the Court cancelled the status conference and entered an Order (Docket No. 10) terminating the prior order holding the Defendant in civil contempt because the opportunity to offer proof had been concluded. Because the Government had represented that the

2

> Defendant was a material witness in the subsequent trials of the remaining
> Defendants, the Court ordered that he continue to be held as a material witness
> pursuant to the Order (Docket No. 24 in Case No. 12-2029 MK) entered by
> Magistrate Judge E. Clifton Knowles on April 12, 2012, and directed that any
> issues relating to that Order be directed to Magistrate Judge Knowles. (Docket
> No. 10).
>
> The Court also set a trial date of May 15, 2012 for the trial on the criminal
> contempt charge. (Id.) At the Defendant's request (Docket No. 13), the Court
> subsequently continued the trial to June 7, 2012. (Docket No. 14).
>
> The Defendant later filed a Motion To Release From Detention (Docket
> No. 15). In considering the Motion, the Court explained that the Defendant's
> complaints about his detention for civil contempt were moot because his detention
> for civil contempt had been terminated. (Docket No. 16). The Court further
> explained that the Defendant's complaints regarding his continued detention as a
> material witness through Magistrate Judge Knowles' Order in Case No. 12-2029
> MK should be directed to Magistrate Judge Knowles. (Id.) The Court referred the
> Defendant's request for an arraignment and detention hearing regarding the
> Government's request for criminal contempt to Magistrate Judge Knowles for
> consideration. (Id.) After a subsequent hearing, Magistrate Judge Knowles
> entered an Order (Docket No. 19) that the Defendant continue to be held as a
> material witness.

(Docket No. 34, at 1-4). Ultimately, Mr. Farah was found in criminal contempt and sentenced to four months of imprisonment. (Docket Nos. 39, 40).

While Mr. Farah was serving his sentence for criminal contempt, he filed a Motion For Review Of Detention Order (Docket No. 41). After holding a hearing on the Motion, the Court granted the Government's request to secure Mr. Farah's testimony by deposition, pursuant to 18 U.S.C. § 3144, which provides, in pertinent part, as follows:

> No material witness may be detained because of inability to comply with any
> condition of release if the testimony of such witness can adequately be secured by
> deposition, and if further detention is not necessary to prevent a failure of justice.
> Release of a material witness may be delayed for a reasonable period of time until
> the deposition of the witness can be taken pursuant to the Federal Rules of
> Criminal Procedure.

18 U.S.C. § 3144.

The record indicates that the deposition was held on September 12, 2012, and the Defendants in the Adan case, and their counsel, were either present or waived their presence. (Docket No. 77, at 6-10). At the deposition, counsel for the Government indicated that the remaining charges and Defendants in the Adan case have been divided into four separate trials. (Id., at 11-13). Counsel for the Government then asked Mr. Farah whether he would answer questions regarding issues involving three of the remaining trials for which the Government seeks his testimony. (Id., at 13-15, 16). Mr. Farah refused to testify. (Id.) Counsel for the Government advised Mr. Farah that he could face possible contempt charges stemming from his refusal to testify. (Id., at 16). Mr. Farah persisted in his refusal to testify. (Id.)

As of the date of this Memorandum and Order, no trial dates have been set for the three remaining trials for which the Government seeks the testimony of Mr. Farah.

III. Analysis

Through the pending Motion, the Government requests that Mr. Farah be held in civil contempt "based upon his refusal to testify at the deposition held on September 12, 2012." (Motion, at 1). The Government requests that Mr. Farah be held in custody until he "purges himself of the contempt by providing testimony through deposition or alternatively through the conclusion of the three remaining trials to which [his] testimony relates, whichever event occurs first." (Motion, at 2).

Through civil contempt, a court may order that a witness who refuses to testify without just cause be confined "until such time as the witness is willing to give . . . testimony. . ." 28 U.S.C. § 1826. The purpose of civil contempt is to coerce the witness into providing the

4

requested testimony. Hicks on Behalf of Feiock v. Feiock, 485 U.S. 624, 631-32, 108 S. Ct. 1423, 1429, 99 L. Ed. 2d 721 (1988).

The Court concludes that holding Mr. Farah in civil contempt at this stage of the proceedings is not appropriate. The Court ordered the deposition of Mr. Farah in order to secure his testimony and eliminate the need for his appearance as a witness at future trials in the Adan case. Mr. Farah's refusal to testify at the deposition is tantamount to refusing to testify at each of the upcoming trials. Therefore, Mr. Farah no longer needs an opportunity to purge himself of the contempt, as is contemplated by the imposition of civil contempt.[1] Instead, the Government may seek to charge Mr. Farah with criminal contempt for his refusal to testify at the deposition, or alternatively, may seek to have the grand jury issue an indictment for obstruction of justice or other appropriate charges.

For these same reasons, the Court concludes that Mr. Farah should no longer be detained as a material witness upon the expiration of the sentence he is currently serving. His testimony, or lack thereof, has already been obtained through the deposition process in this case.[2] Should

---

[1] In addition to concluding that civil contempt is inappropriate given that a trial deposition has been held, the Court also has serious concerns about detaining a witness for civil contempt pending trials that have not yet been scheduled. See, e.g., United States v. Johnson, 736 F.2d 358 (6th Cir. 1984) (Court did not have authority to hold potential witness in civil contempt before the start of a trial that had been put on hold indefinitely). The Court also has serious concerns about detaining a witness for civil contempt pending the completion of four separate trials arising out of one indictment. See, e.g., Yates v. United States, 355 U.S. 66, 72-74 (1957)(Prosecution cannot multiply contempts by repeated questioning on the same subject of inquiry within which a recalcitrant witness already has refused answers).

[2] The process by which the deposition was taken in this case was "adequate" for purposes of 18 U.S.C. § 3144 even though the content of Mr. Farah's testimony was not satisfactory to the Government.

5

the Government proceed with criminal charges against Mr. Farah, the issue of his continued detention after the expiration of the sentence he is currently serving would be considered under the statutes governing pretrial release of those charged with federal crimes, 18 U.S.C. §§ 3142, 3144; Fed. R. Crim. P. 46.

### III. Conclusion

For the reasons set forth herein, the Government's Motion For Abdullah Farah To Be Held In Civil Contempt (Docket No. 73) is DENIED.

The Order shall also be filed in U.S. v. Adan, et al., Criminal Case No. 3:10-260.

It is so ORDERED.

                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE