UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | No. 3:10-cr-00260 |
| ) | Chief Judge Haynes |
| ) | |
| ABDULLAH SADE AFYARE ) | |
| et al, ) | |
| ) | |

# MEMORANDUM

Before the Court is the United States's motion for a ruling filed March 29, 2013, (Docket Entry No. 3098).[1] The Government seeks rulings on its pending motions in limine filed on January 31, 2013 (Docket Entry Nos. 3034 through 3041) contending, in sum, that a ruling is necessary to preserve its appeal rights on evidentiary issues and that under Fed. R. Crim. P. 12(b), the Court cannot delay its ruling where the delay may prejudice a party.

As a general rule and as the February 21, 2013 Order (Docket Entry No. 3083) reflects, the Court sets motion in limine and response deadlines close to the trial date. The reasons are that discovery will be completed[2] that will enhance the likelihood that the relevant facts are known and will avoid the prospect that such a motion is presented in a factual vacuum that promotes error. The Government's lead counsel did not raise the issue of a response time to these motions at the

---

[1] The Court rules on this motion without a response by the defense counsel. See Local Criminal Rule 12.01(b). Given that normal time allowed for a response to the Government's motion would be April 17, assuming no extensions were requested, there would be even further delay if the Court did not rule promptly

[2] In this action, the Court's discovery Orders were frustrated by Government's lead counsel's disclosure of more than 6,000 relevant documents shortly before and shortly after trial started. See Docket Entry No. 2958, Memorandum at 46-52)

February 1, 2013 conference that was to determine the schedule for further proceedings, nor did Government's lead counsel later move to amend the February 21, 2013 Order to clarify whether defense counsel should file responses at an earlier date than the February 21st Order sets for such responses. Absent such a motion to amend, defense counsel are likely to believe that the February 21st Order sets the date for their responses to the Government's pending motions in limine

In any event, assuming the time limits in Local Criminal Rule 12.01(b) for responses to motions apply, the defense responses would have been due at the earliest by February 15, 2013. Given the number of defense counsel (20) and their other trial commitments, in all likelihood, defense counsel would have requested an extension of time, as in the past of this litigation. Although these motions do not directly impact all Defendants, all defense counsel would need to evaluate the potential impact on their clients. Assuming no other commitments, extensions would likely have been sought given the extensive trial record and the presence of new defense counsel who were not present at the prior trial. The record of this litigation also reflects that for motions, the Government would likely have filed a reply. Accounting for these events renders it unlikely that even at this date, the motions would be briefed for the Court to take them under advisement.

Consideration of some of these motions is complicated by the Government's appeal that challenges all of the Court's post-trial rulings in Docket Entry Nos 2958, 2958-1, 2959, and 2959-1. (Docket Entry No. 3009). Among the rulings covered by the Government's notice of appeal is the same multiple conspiracy issue presented in one of the Government's pending motions in limine. (Docket Entry No. 3034). The Government has appealed the Order addressing other issues that may impact these pending motions. Thus, a legal question arises whether the Court has jurisdiction to consider these motions given the Government's notice of appeal. The Government's motion does

not address this jurisdictional issue and the Court will have to research that issue. The Government's motions contain citations to the law of the case doctrine, but do not discuss the manifest injustice exception in that doctrine under which the Court can revisit an earlier ruling upon a showing of a manifest injustice. Yet, the Government's motions in limine do not cite to any legal authority and legal analysis to suggest that the Court's cited rulings resulted in a manifest injustice. Of course, the trial record in this action is lengthy and complex. A review of the Government's motions reflect incomplete citations to the trial record and in some instances, mischaracterizations of the Court's actual rulings that will take time for defense counsel and the Court to sort and correct.

Moreover, in deciding these motions, the Court is faced with a request for rulings on evidentiary issues for a trial with at least 6 defendants who were not part of the prior trial and for whom the prior trial record may not be developed. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989) (citing Luce v. United States, 469 U.S. 38, 41 (1984)). The new defendants and their counsel may present or raise new evidentiary issues that were not presented at the prior trial. Motions in limine should be granted only where the disputed evidence is clearly "inadmissible on all potential grounds" and "should be deferred until the trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." United States v. Letourneau, 2013 WL 589224 at *2 (N. D. Ill. Feb. 14, 2013) (quoting Hawthorne Partners v. AT&T Tech.,, Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); see also Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure at §§ 5037 and 5042. In addition, a "motion in limine is not as effective a means of alerting the trial judge to evidentiary problems as a contemporaneous motion at trial." United States v. Kelly, 204 F.3d 652, 655 (6th Cir.

2000), nor does such ruling on such a motion preserve the error for appeal. Id. The Court employs motions in limine to identify the applicable legal authorities to ensure that relevant decisions are considered and thereby reduce the likelihood of error by an informed decisions.

The purpose of this Memorandum is to illustrate that any delay in consideration of the Government's motions in limine is caused by the Government's lead counsel's failures to consider the procedural and substantive complexities raised by these motions. The Court will enter the companion Order to this Memorandum to set a schedule and to address these complexities.

An appropriate Order is filed herewith.

**ENTERED** this the 3rd day of April, 2013.

William J. Haynes, Jr.
Chief Judge
Middle District of Tennessee