UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-cr-00260 |
| ) | Chief Judge Haynes |
| ABDULLAH SADE AFYARE, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

In accordance with the Memorandum filed herewith:

(1) As to Government's motion in limine on whether the Government's proof establishes multiple conspiracies under 18 U.S.C.§ 1591 (Docket Entry No. 3034), the Court reaffirms its prior ruling that the proof presented at trial established multiple conspiracies. Accordingly, the motion is **DENIED**;

(2) As to Government's motion in limine on whether proof of nonsexual crimes can be introduced to prove a "venture" under 18 U.S.C.§ 1591(a)(2) (Docket Entry No. 3035), the Court reaffirms its prior ruling, accordingly, the motion is **DENIED**;

(3) As to Government's motion in limine on whether 18 U.S.C.§ 1591 is limited to sex trafficking of children under the age of 18 (Docket Entry No. 3036), the Court reaffirms its prior ruling that 18 U.S.C. § 1591 applies only to the sex trafficking of children under the age of 18. Accordingly, the motion is **DENIED**;

(4) As to Government's motion in limine on whether sex is a "thing of value" for a conviction under 18 U.S.C.§ 1591 (Docket Entry No. 3037), the Court reaffirms its prior ruling allowing the jury to decide the Government's factual theory on what constitutes a "thing of value" under Section 1591. Accordingly, the motion is **DENIED**;

(5) As to Government's motion in limine on whether the testimony of Khalid Noor, Farhan Daud and Dahir Daud is admissible (Docket Entry No. 3038), the Court reaffirms its prior ruling the testimony of these witnesses is irrelevant and would be highly prejudicial under Fed. R. Evid. 403. Accordingly, the motion is **DENIED**;

(6) As to Government's motion in limine on whether the Government's proof from certain witnesses constituted expert testimony (Docket Entry No. 3039), the Court concludes that if the

witness testimony in the second trial is presented on the same bases and circumstances as at the first trial, the Court will rule the same as in the first trial. Accordingly, the motion is **DENIED**;

(7) As to Government's motion in limine on whether that expert proof is admissible on rebuttal (Docket Entry No. 3040), the Court concludes that if the same factual scenario arises at the second trial, the Court would enter the same ruling as in the first trial. Accordingly, the motion is **DENIED; and**

(8) As to Government's motion in limine on whether the Government must prove an overt act for a conviction under 18 U.S.C.§ 1591(a)(2) (Docket Entry No. 3041), the Court reaffirms its prior ruling that 18 U.S.C. § 1591(a)(2) requires proof of an overt act. Accordingly, the motion is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 12th day of June, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court