PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Abdullahi Sade Afyare          Docket No. 0650 3:10CR00260 - 2

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Abdullahi Sade Afyare who was placed under pretrial release supervision by the Honorable John S. Bryant, U.S. Magistrate Judge sitting in the Court at **Nashville, Tennessee**, on April 19, 2011, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | October 10, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

**Next Scheduled Court Event**

| Event | Date |
|---|---|

## PETITIONING THE COURT

☐ No Action
☐ To Issue a Warrant
☒ To issue an order setting a hearing on the petition
☒ Other  To modify the defendant's special conditions as requested.

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☒ Other

☐ A Hearing on the Petition is set for

_____  _____
Date              Time

Considered and ordered this 18th day of October, 2013, and ordered filed and made a part of the records in the above case.

Conditions of pretrial release are MODIFIED to require that defendant reside at a halfway house as directed by Pretrial Services.

Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Afyare, Abdullahi Sade
Docket No. 3:10-00260-02
October 10, 2013

On April 19, 2011, the defendant, Abdullahi Sade Afyare, was released by the Court under a $10,000 cash appearance bond and on the conditions previously ordered on November 10, 2010, by the Honorable Franklin S. Noel, U.S. Magistrate Judge, in the District of Minnesota. The defendant has been supervised since that time by the U.S. Pretrial Services Office in the District of Minnesota.

A Petition for Action was submitted to the Court on October 24, 2012, after the defendant was arrested for 1) Loitering with Intent (Marijuana), 2) No Valid Driver License, and 3) No Proof of Insurance, and after he admitted to his pretrial services officer that he had smoked marijuana on October 14, 2012. By agreement, the Court was asked to modify the defendant's original release conditions to include the following: 1) The defendant is prohibited from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C.§ 802, unless prescribed by a licensed medical practitioner, 2) The defendant shall submit to any testing required by Pretrial Services to determine whether the defendant is using a prohibited substance, and 3) The defendant shall participate in substance abuse treatment as directed by Pretrial Services. Such treatment can include assessment, outpatient, and/or inpatient treatment. The Court modified the defendant's release conditions on October 26, 2012, to include each of the three suggested conditions.

On January 25, 2013, a second Petition for Action was submitted to the Court after the defendant tested positive for marijuana on two occasions, failed to report for two urine screens, and failed to complete a substance abuse assessment. No action was requested, and the Court adopted the recommendation.

**Special Conditions of Pretrial Release:**

Please reference the attached Orders Setting and Modifying the Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Report to Pretrial Services as directed.**

According to the supervising officer in Minnesota, the defendant failed to report as directed, either in person or via telephone, from August 7, 2013, to October 1, 2013.

**Violation No. 2: The defendant is prohibited from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

According to the defendant's pretrial services officer in the District of Minnesota, the defendant submitted urine samples for testing on August 7, 2013, and on October 1, 2013, that tested positive

2

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Afyare, Abdullahi Sade
Docket No. 3:10-00260-02
October 10, 2013

for marijuana. He admitted to his pretrial services officer that he had used marijuana approximately one week prior to these submissions. These specimens were confirmed positive for the presence of marijuana by Alere Laboratories.

**Violation No. 3: The defendant shall submit to any testing required by Pretrial Services to determine whether the defendant is using a prohibitive substance.**

According to the defendant's pretrial services officer in the District of Minnesota, the defendant has failed to submit any urine tests from August 8, 2013, until September 30, 2013.

**Violation No. 4: The defendant shall participate in substance abuse treatment as directed by Pretrial Services. Such treatment can include assessment, outpatient, and/or inpatient treatment.**

On September 25, 2013, the defendant's pretrial services officer in the District of Minnesota informed that on June 22, 2013, Mr. Afyare was discharged from a residential treatment facility at South East Homes located in Minneapolis, Minnesota, at the staff's request. The supervising officer indicated that, during the defendant's residency, she observed a personality conflict between the defendant, the owner of the facility, and the intake coordinator. She stated that Mr. Afyare remained sober during his stay at the facility, and she indicated he was asked to leave the program due to a technical violation regarding the use of an Xbox game system while in the program. It is noted the defendant contests this violation, and he told the supervising officer that he was initially allowed to have the system in the home.

On August 19, 2013, the defendant participated in an updated substance abuse assessment, and it was recommended that he complete an outpatient treatment program. He has failed to comply with this recommendation.

**Current Status of Case:**

According to PACER, this case was set for jury trial before the Honorable Chief U.S. District Judge William J. Haynes, Jr., on October 22, 2013. However, the Government advised the District Court has stayed this case pending the outcome of all appeals pending before the 6th Circuit.

**Probation Officer Action:**

On August 7, 2013, the supervising officer met with the defendant after his submission of the positive urine screen. The defendant reiterated that he is under stress and experiences anxiety because of this case. The officer encouraged him to seek mental health treatment, and he indicated he had an appointment with a mental health professional in July 2013. This information is unverified. On September 25, 2013, the supervising officer contacted this officer and requested

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Afyare, Abdullahi Sade
Docket No. 3:10-00260-02
October 8, 2013

assistance with modifying the defendant's special conditions to include placement in a halfway house.

The defendant's attorney, James Simmons, has also been advised of the defendant's most recent noncompliance.

**Respectfully Petitioning the Court as Follows:**

Although the defendant has violated several conditions of his supervision related to substance abuse, the supervising district has not requested that the defendant's bond be revoked. Alternatively, the supervising officer has requested the Court modify the defendant's conditions of supervision to include the defendant's residency in a halfway house in Minnesota.

At this time, Pretrial Services in the Middle District of Tennessee concurs with this recommendation. However, if illegal drug use, failed counseling appointments, or failure to show for drug screens continues, Pretrial Services will request a warrant for the defendant's arrest, as well as likely revocation of bond.

Submitted by:

Dariel Blackledge-White
U. S. Probation Officer

Approved:

W. Burton Putman
Supervising U.S. Probation Officer


Attachments: Orders Setting and Modifying Release Conditions


cc: Mr. Van Vincent, Assistant U.S. Attorney
　　 Mr. James Simmons, Defense Counsel

# UNITED STATES DISTRICT COURT
for the.
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. MJ 10-471 FLN (1) |
| Abdullahi Sade Afyare ) | |
| *Defendant* ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a. In the event 1) that no Indictment is returned against the Defendant, or 2) that the charges giving rise to this Release Order are dismissed, or 3) that Defendant is acquitted of the charges giving rise to this Release Order, the Attorney for the Government is hereby ORDERED to provide to the Attorney General a certified copy of a final court order establishing which of the foregoing events occurred. Upon receipt by the Attorney General of any such certified copy, the Director of the Federal Bureau of Investigation is hereby ORDERED to promptly expunge from the Index, described in subsection (a) of 42 United States Code, Section 14132, the analysis of the DNA sample collected from this Defendant pursuant to the conditions of this Release Order.

See generally, *U.S. v. Pool*, --- F.3d ----, 2010 WL 3554049
(9th Cir. September 14, 2010), at * p. 6.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____

on  TO BE NOTIFIED        Place
    _____
    Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( X ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( X ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of _____ Twenty five thousand _____ dollars ($ ___25,000___ ) in the event of a failure to appear as required or surrender to serve any sentence imposed.

SCANNED
NOV 1 0 2010
U.S. DISTRICT COURT MPLS

Case 3:10-cr-00260  Document 23   Filed 11/17/10  Page 11 of 23 PageID #: 923
Case 3:10-cr-00260  Document 2908  Filed 10/26/12  Page 12 of 16
Case 3:10-cr-00260  Document 3017  Filed 01/25/13  Page 11 of 21 PageID #: 20201

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____ _____
                                 *Custodian or Proxy*       *Date*

( X ) (8) The defendant must:
  ( X ) (a) report to Pretrial Services __as directed_____
             telephone number _____, no later than _____
  ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
  ( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____
  ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
  ( ) (e) maintain or actively seek employment.
  ( X ) (f) maintain or commence an education program.
  ( X ) (g) surrender any passport to Pretrial Services as directed.
  ( X ) (h) obtain no new passport.
  ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel: __no travel outside Minnesota except to attend court in Tennessee__
  ( X ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: __Jane Doe #2 and anyone on list to be provided by U.S. Attorney__
  ( ) (k) cooperate with a mental health assessment and follow any recommendations of that assessment if the pretrial services office or the supervising officer considers it advisable. _____
  ( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
  ( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services officer or supervising officer considers necessary.
  ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
  ( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
  ( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  ( ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
  ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable. _____

Case 3:10-cr-00260 Document 223 Filed 11/17/10 Page 12 of 23 PageID #: 924
Case 3:10-cr-00260 Document 2908 Filed 10/26/12 Page 13 of 16 PageID #: 18938
Case 3:10-cr-00260 Document 3017 Filed 01/25/13 Page 12 of 21 PageID #: 20202

# ADDITIONAL CONDITIONS OF RELEASE

( X ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
    (X) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____
    or (X) as directed by the pretrial services office or supervising officer; or _____

    ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising office; or _____

    ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court. _____

( X ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
    ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines. _____
    ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
    ( ) (ii) Radio Frequency (RF) monitoring;
    ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
    ( x ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    ( ) (v) Voice Recognition monitoring.

( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop within 72 hours.

( X ) (v) _____

( ) (w) _____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

Case 3:10-cr-00260 Document 223 Filed 11/17/10 Page 13 of 23 PageID #: 925
Case 3:10-cr-00260 Document 2908 Filed 10/26/12 Page 14 of 16 PageID #: 18939
Case 3:10-cr-00260 Document 3017 Filed 01/25/13 Page 13 of 21 PageID #: 20203

## ADDITIONAL CONDITIONS OF RELEASE
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature
Minneapolis, Minnesota
City and State

### Directions to the United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date 11/10/10

_____
Judicial Officer's Signature

Franklin L. Noel, United States Magistrate Judge
Printed name and title

Case 3:10-cr-00260 Document 223 Filed 11/17/10 Page 14 of 23 PageID #: 926
Case 3:10-cr-00260 Document 2908 Filed 10/26/12 Page 15 of 16 PageID #: 18940
Case 3:10-cr-00260 Document 3017 Filed 01/25/13 Page 14 of 21 PageID #: 20204