UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-260 |
| | ) | Judge Sharp |
| LIBAN SHARIF OMAR (23) | ) | |
| HAJI OSMAN SALAD (26) | ) | |
| YASSIN YUSUF (29) | ) | |

**ORDER**

On January 12, 2016, this Court entered an Order and a lengthy Memorandum that granted Defendant Mohamed Sharif Omar's Renewed Motion to Reconsider Detention Order. United States v. Omar, 2016 WL 128523 (M.D. Tenn. Jan. 12, 2016). In doing so, the Court discussed in detail the application of the factors for pretrial release and found that his continued detention would violate the Due Process Clause of the Fifth Amendment. The Court noted, among other things, that the length of Defendant Omar's pretrial detention (49 months) was "extraordinary," that he was being detained while others with more significant criminal histories were not, that sex-trafficking charges had been dismissed as to other Defendants in order to elicit guilty pleas, and that the "Government's case may not be as strong as the Sixth Circuit was led to believe." Id. at *8.

Since this Court issued its ruling, three other Defendants in this case have filed Motions to Reconsider Detention Orders: Defendant Liban Sharif Omar (Docket No. 3765); Defendant Haji Osman Salad (Docket No. 3770); and Defendant Yassin Abdirahman Yusuf (Docket No. 3773). The Government has responded in opposition to each of those Motions (Docket Nos. 3772, 3773 & 3780).

Also since this Court's ruling, and just yesterday, the Sixth Circuit entered two opinions in

1

the underlying case.  In the first, United States v. Fahra, Case Nos. 13-5122, 13-6391 & 13-6422, the Sixth Circuit affirmed judgments of acquittals that had been entered by Judge Haynes as to Defendants Idris Fahra, Andrew Kayachith, and Yassin Yusuf.  The court minced no words in calling into question the credibility of the principal state investigator, and also voiced "acute concern" that "this story of sex trafficking and prostitution may be fictitious and the prosecution's two primary witnesses, Jane Doe 2 and Jane Doe 5, unworthy of belief."  Slip op. at 5.

The second, United States v. Afyare, Case No. 13-5924, related to *in limine* rulings made by Judge Haynes.  The Sixth Circuit began by noting that it "had already criticized the prosecution of this case thus far," (Slip Op, at 1), and affirmed Judge Haynes' rulings that (1) "venture" as used in 18 U.S.C. § 1591(a)(2) means "sex-trafficking venture," and (2) Federal Rule of Evidence 701(c) permits the court to exclude testimony introduced in a manner that implies or expresses some "specialized knowledge" beyond the normal abilities of lay witnesses or jurors, but reversed his conclusion that § 1591 applies only to sex trafficking of children.

Given what this Court said in United States v. Omar, and in light of the Sixth Circuit's rulings, the Court finds pretrial release to be appropriate as to the Defendants who have filed renewed motions for pretrial release because continued detention of them would violate the Due Process Clause.  The Court also believes that there are terms and conditions that can be imposed which will ensure the safety of the community and reduce any risk of flight.  With respect to each Defendant, the Court notes the following.

Defendant Liban Sharif Omar, who is Mohamed's brother, has been in pretrial detention for approximately 50 months.  While the charges against this Defendant carry a presumption of detention under 18 U.S.C. § 31142(e)(3)(D) and (f)(1)(B), the strength of the Government's case

has been called into even more serious doubt given the Sixth Circuit's opinion about the credibility of the Government's primary witnesses. Further, the Government has pointed to no evidence suggesting that this Defendant has a history of violence, nor has it shown that he poses a risk of flight. In fact, he timely surrendered to the Marshal Service when ordered to do so, and he presented no issues when he was placed on conditional release from February 1, 2013 to March 26, 2014.

Defendant Haji Osman Salad, too, faces serious charges. In the Third Superseding Indictment, he is charged with conspiracy to commit sex trafficking of a minor, among other crimes. If convicted of trafficking a minor, he is subject to a mandatory term of ten years imprisonment under 18 U.S.C. § 1591(a) with a possibility of a life sentence. However, as this Court noted with regard to Defendant Mohamed Omar, any sentence of that sort would be an anomaly given the sentences that have been imposed thus far in this case, assuming that the Government could secure a conviction in light of what has been said about its star witnesses. Further, when Defendant Salad was previously released in February 1, 2013, he became gainfully employed and complied with the terms of his supervised release, including passing drug screening tests.

Defendant Yassin Yusuf has spent more than 50 months in federal pretrial detention. He was acquitted of three counts during the trial but convicted of knowingly engaging or recklessly disregarding a conspiracy to commit sex trafficking of a minor. While the Government makes much of the fact that this Defendant has a lengthy criminal history and run-ins with the law (but apparently no felony convictions) and was convicted of misdemeanor drug possession while previously on release, the jury acquitted Defendant on two of the most two serious charges he faced, and Judge Hayes entered a judgment of acquittal on the other, which the Sixth Circuit has now affirmed. The Government may choose to seek rehearing or rehearing en banc, but due process requires that this

3

Defendant be released as it appears the only remaining charge he now faces is conspiracy in relation to counterfeit access devices.

Accordingly, the Motions to Reconsider Detention filed by Defendant Liban Sharif Omar (Docket No. 3765), Defendant Haji Osman Salad (Docket No. 3770), and Defendant Yassin Abdirahman Yusuf (Docket No. 3773) are hereby GRANTED. The United States Marshal is DIRECTED to present each of those Defendants before an available Magistrate Judge as soon as practicable. The Magistrate Judge shall RELEASE each Defendant under terms and conditions deemed by the Magistrate Judge to appropriate to ensure the safety of the community and each Defendant's presence at all further proceedings. Said terms and conditions shall be explained to Defendants prior to their release.

Finally, in reviewing the extensive docket in this case, the Court notes that Defendant Mohamed Sharif Omar and Defendant Abdigadir Ahmed Khalif have both filed Motions to Modify Conditions of Release (Docket Nos. 3781 & 3782). Those Motions are referred to the Magistrate Judge for consideration.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE